IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

        Plaintiff,

  vs.

UNITED STATES GOVERNMENT,

        Defendant.

CIV. S-06-1582 LKK GGH PS
CIV. S-06-2196 LKK GGH PS
CIV. S-06-2413 LKK GGH PS
CIV. S-06-2509 FCD GGH PS

<u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff, proceeding in these actions pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. These proceedings were referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1). While the proceedings have not been related or consolidated under the Local Rules, in the interest of judicial economy, the undersigned issues this Order and Findings and Recommendations in each of the above-listed actions.

        For each of the above listed actions, plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the requests to proceed in forma pauperis will be granted.

1

1    Plaintiff's mostly handwritten complaints in these actions vary from one to three
2 pages in length, excluding exhibits. Each of the complaints names the same defendant, "United
3 States Government," is at least partially illegible and for the most part is unintelligible. In sum,
4 the complaint in No. CIV.S-06-1582 LKK GGH PS requests the court to grant ownership of the
5 United States government to plaintiff, and seeks 800 trillion dollars; the complaint in No. CIV.S-
6 06-2196 LKK GGH PS sues the United States Government due to the State of California
7 Medical Board's refusal to admit "common knowledge" of plaintiff's incident for the past 26
8 years, and prays for 100 trillion dollars; the complaint in No. CIV.S-06-2413 LKK GGH PS
9 proposes a constitutional amendment, and states that this document confirms that the proposal
10 was received by the United States Senate and the Capitol in Washington; the complaint in No.
11 CIV.S-06-2509 FCD GGH PS discusses an underground freezer cemetery, requesting only that
12 the court file a diagram of a freezer coffin, and seeking no relief.
13    A federal court is a court of limited jurisdiction, and may adjudicate only those
14 cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co,
15 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the
16 judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts
17 as the Congress may from time to time ordain and establish." Congress therefore confers
18 jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt
19 v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter
20 jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v.
21 Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).
22    The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
23 question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject
24 matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J.
25 Wagstaffe, Federal Civil Procedure Before Trial § 2:5.
26 \\\\\

1       "The presumption is that a federal court lacks jurisdiction in a particular case until
2 it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright,
3 Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984).
4 Plaintiff bears the burden of proof for establishing jurisdiction.  See, e.g., Sopcak v. Northern
5 Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.
6 & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Unless a complaint presents a plausible
7 assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
8 Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
9 to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
10 Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974); Apple v. Glenn, 183 F.3d 477,
11 479 (6th Cir.1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of
12 subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure
13 when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,
14 devoid of merit, or no longer open to discussion.")

15       A less stringent examination is afforded pro se pleadings, Haines v. Kerner, 404
16 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972), but simple reference to federal law
17 does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th
18 Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action that is within
19 the court's original jurisdiction.  Id.

20       These mostly incomprehensible and illegible complaints present no basis
21 whatsoever for federal question jurisdiction.  Therefore, the undersigned will recommend that
22 these actions be dismissed with prejudice for lack of subject matter jurisdiction.  Based on
23 plaintiff's history of filing obviously frivolous actions, granting leave to amend would be futile.[1]

---

[1] Plaintiff has recently been declared a vexatious litigant.  Order, filed November 16, 2006, in 06-1227 FCD GGH PS.  For a summary of all actions filed by plaintiff in the last two years, see Findings and Recommendations, filed September 29, 2006, in Civ.S. 06-1227 FCD GGH PS.  All of the cases herein were filed prior to November 16, 2006.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis in the above-listed actions are granted;

2. The Clerk of the Court is directed to file and serve this Order and Findings and Recommendations in each of the above-listed actions.

IT IS RECOMMENDED that these matters be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/4/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Fallonvarious.dis2.wpd

4